UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22385-CIV-HOEVELER

FARID MARQUEZ, an individual,
LUIS MADERAL, an individual,

      Plaintiffs,

v.

SUNTRUST BANK, a Georgia banking
corporation, and SCOTT STORCH, an individual

      Defendants.

_____/

### ORDER DENYING DEFENDANT SUNTRUST BANK'S MOTION TO DISMISS COUNT I AND DIRECTING PLAINTIFFS TO FILE STATUS REPORT AS TO BANKRUPTCY OF DEFENDANT SCOTT STORCH

This Cause comes before the Court on SunTrust's Motion to Dismiss Count I of the Complaint. Plaintiffs filed a response in opposition, and SunTrust filed a reply.

Plaintiffs filed this action on July 8, 2009, alleging that Defendant SunTrust Bank and its officer Alex Hernandez[1] "repeatedly" asked Plaintiffs to lend funds to Defendant Scott Storch to permit him to refinance his home mortgage loan with SunTrust. Complaint, ¶ 15. SunTrust already had provided Storch with more than $7.5 million in home mortgage financing and, according to Plaintiffs, SunTrust assured them that they would be repaid in a short time, e.g., that they "should not even bother to record their loan in the Public Records of Miami-Dade County, because it would be paid off so soon." Id., ¶¶ 9, 16.e. Plaintiffs claim to have relied on the representations of SunTrust Bank and its officers in deciding to extend a mortgage loan to Defendant Storch in the

---

[1] The Complaint also refers to the SunTrust Bank officer as Alex Fernandez.

amount of $170,000 on November 20, 2007. Id., ¶¶ 19-20.[2] Plaintiffs' mortgage documents were record on Feb. 5, 2008. Docket No. 1. On November 19, 2008, SunTrust filed a Seconded Amended Complaint of Foreclosure in state court (Case No. 08-37928 CA 24), and on March 9, 2009, a Summary Final Judgment of Foreclosure was entered in favor of SunTrust and against Defendants Scott Storch, Audio Video Gallery, Inc., Farid Marques, Luis Maderal, and Peter Wolofsky as to the mortgages issued by SunTrust.[3] According to the Summary Final Judgment of Foreclosure, SunTrust had a lien for $8,484,8335.67 against the property at issue (including $7,755,820.11 in principal owed pursuant to three promissory notes - related to two mortgages and a separate loan), and the lien was superior to any claims by any of the other defendants, including the Plaintiffs in the present case. In their Complaint, Plaintiffs assert a claim for fraud in the inducement against SunTrust Bank, and allege a similar claim against Scott Storch, and seek to recover damages in the amount of the principal of the note plus interest.

This case was removed from state court by Defendant SunTrust on August 12, 2009, under 28 U.S.C. § 1441(b), as the parties are diverse and the amount in controversy exceeds $75,000. SunTrust seeks dismissal of the claim, arguing that Plaintiffs should have brought these allegations as a counterclaim in the state court

---

[2]It appears that SunTrust extended an additional loan to Defendant Storch on December 6, 2007, in the amount of $125,589.60, to be repaid no later than January 20, 2008. Affidavit of Neal Barton, ¶¶ 17, 21 (Docket No. 1-1). Mr. Barton states that the December 6, 2007, loan was evidenced in a Promissory Note executed on or about May 19, 2006 [sic] - the copy of the Promissory Note filed with the Court is of such poor quality that a date is not evident in the form, although it is marked "MAY-09-2008" along the top margin.

[3]Defendant SunTrust provided a partial copy of the state court's Summary Final Judgment of Foreclosure as an attachment to the Notice of Removal.

2

foreclosure proceedings and, because Plaintiffs failed to do so, their claim is barred by *res judicata*. The Court disagrees.

To determine whether a counterclaim is compulsory, this Court is guided by the rule which provides, in pertinent part, that a pleading must state as a counterclaim any claim that the pleader has at the time of serving the pleading against an opposing party if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fla. R. Civ. P. 1.170(a).[4] The Court does not find that SunTrust's foreclosure action against Storch triggered the filing of a counterclaim against SunTrust for alleged fraud relating to a separate loan made by others (Marquez and Maderal) to Storch. Although the foreclosure action identified others claiming an interest in the property, including Plaintiffs Marquez and Maderal, it appears that the current allegations relating to fraud in the inducement require a separate inquiry into the facts alleged by Marquez and Maderal, e.g., the role of Hernandez and his statements to induce Marquez and Maderal to provide funds, etc. – facts that were not at issue in the foreclosure proceeding.

In summary, the Court does not find that the allegations in the present Complaint were a compulsory counterclaim to the foreclosure proceeding. Defendant SunTrust's Motion to Dismiss is DENIED.

According to Defendant SunTrust, Defendant Scott Storch filed for bankruptcy protection on May 28, 2009 (In re Scott Storch, No. 09-20537-RAM). The Court notes

---

[4] Although the Court refers to state law in this diversity action, Rule 1.170(a), Fla. R. Civ. P., incorporates Rule 13(a) of the Federal Rules of Civil Procedure. Montgomery Ward Dev. Corp. v. Juster, 932 F. 2d 1378 (11th Cir. 1991).

3

that no appearance has been filed for Defendant Scott Storch before this Court - although it appears that he was represented by counsel while this case was proceeding in state court. Plaintiff shall advise this Court as to any authority permitting this case to proceed against Storch - failure to do so may result in the dismissal of this action, without prejudice, as to Storch.

DONE AND ORDERED in Chambers in Miami this 18th day of March 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
Manuel Vazquez
Michael Hantman
Guy Spiegelman